### UNITED STATES v. TOWNSEND et al.

#### (Circuit Court of Appeals, Second Circuit. January 4, 1902.)

#### No. 76.

TARIFF ACTS—CONSTRUCTION—"PROFESSIONAL PRODUCTION OF A SCULPTOR."

 In construing tariff statutes congress must be assumed to use words and phrases in the sense in which they have been applied by the treasury department and executive and administrative officers under earlier statutes, and, so construed, the phrase "professional production of a sculptor," as used in Tariff Act 1897, par. 454, providing that "the term 'statuary' * * * shall be understood to include only such statuary * * * as is the professional production of a statuary or sculptor," must be considered as synonymous with "productions of a professional sculptor." [1]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court reversing a decision of the board of general appraisers, which affirmed the assessment for duty of certain marble statuary.

See 108 Fed. 801.

Henry C. Plast, for appellant.

Howard T. Walden, for appellees.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

PER CURIAM. The articles in question are marble and alabaster busts, single figures, groups, and bas reliefs, which are designed for use chiefly for memorial or cemetery and church purposes, and include such subjects as Faith, Hope, Memory, Sorrow, the Resurrection, etc. They were assessed for duty, under paragraph 115 of the tariff act of 1897, as "manufactures of marble," at 50 per centum ad valorem. The importers contended that they should be assessed under paragraph 454, which reads as follows:

 "454. Paintings in oil or water colors, pastels, pen and ink drawings, and statuary, not specially provided for in this act, twenty per centum ad valorem; but the term 'statuary' as used in this act shall be understood to

---

[1] Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

include only such statuary as is cut, carved or otherwise wrought by hand, from a solid block or mass of marble, stone or alabaster, or from metal, and as is the professional production of a statuary or sculptor only."

There was a great deal of evidence presented to the circuit court which was not before the board of general appraisers, and which materially differentiated the case from the one it passed upon. The judge who heard the cause below discussed the questions presented in a careful opinion, in the reasoning and conclusions of which we fully concur. The appellant calls attention to the fact that in paraphrasing paragraph 454 that opinion states the concluding clause as requiring the statuary to be the "production of a professional sculptor," when the phrase used in the act is "the professional production of a sculptor." The change of phraseology is immaterial. It is a familiar rule of construction of tariff statutes that congress must be assumed to use words and phrases in the sense in which they have been applied by the treasury department and executive and administrative officers of the government under earlier statutes which contained the same words and phrases. Robertson v. Downing, 127 U. S. 612, 8 Sup. Ct. 1328, 32 L. Ed. 269. The phrase "professional production of a sculptor" is found in successive tariff acts for some years past. Under date of February 6, 1880 (Treasury Synopsis, 4416), the secretary of the treasury, in a letter to the secretary of state, says:

"The terms 'professional productions of a sculptor' and 'productions of a professional sculptor' are considered as having the same signification, and the articles must be a production of a professional sculptor or statuary in the true definition of that term, in order to be admissible at a duty of," etc.

And the instructions as to consular certificates evidently regard the one phrase as a synonym of the other. It must be assumed that congress used the phrase it chose with a like understanding of its meaning.

The decision of the circuit court is affirmed.